**Supreme Court**

No. 2011-210-Appeal.
(PC 08-6734)

Custom Metals Systems, Ltd.   :

v.         :

Tocci Building Corp. et al.    :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Custom Metals Systems, Ltd.      :

v.      :

Tocci Building Corp. et al.      :

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Justice Robinson, for the Court.** The plaintiff corporation, Custom Metals Systems, Ltd. (Custom Metals), appeals from a grant of summary judgment in favor of the defendants, Providence Builders, LLC and Tocci Building Corp. This case came before the Supreme Court for oral argument pursuant to an order directing the parties to appear in order to show cause why the issues raised in the appeal should not be summarily decided. After considering the parties' written and oral submissions and after reviewing the record, we are satisfied that cause has not been shown and that this case may be decided without further briefing or argument. For the reasons set forth in this order, we reverse the judgment of the Superior Court.

**I**

**Analysis**

The crucial issue in this case is whether Custom Metals was required, pursuant to G.L. 1956 § 7-1.2-1418, to maintain a certificate of authority throughout the duration of the instant litigation. It is undisputed: (1) that Custom Metals was a Massachusetts corporation when it entered into a contract with defendants; and (2) that the contract was to be performed entirely

within Rhode Island. It is also undisputed that Custom Metals had a certificate of authority from the Secretary of State of Rhode Island when it commenced the instant civil action. At some point thereafter, the Secretary of State revoked the plaintiff corporation's certificate of authority. The defendants subsequently moved to amend their answer to assert an affirmative defense that "plaintiff lack[ed] the capacity to sue in this state;" and, on the basis of that affirmative defense, defendants filed a motion to dismiss the complaint for failure to state a claim upon which relief could be granted.

On March 3, 2011, a justice of the Superior Court converted defendants' motion to dismiss into one for summary judgment pursuant to Rule 12(b) of the Superior Court Rules of Civil Procedure. The motion justice then proceeded to conditionally grant summary judgment in favor of defendants; the motion justice reasoned that the plaintiff corporation did not have a certificate of authority to transact business in Rhode Island in violation of § 7-1.2-1418 and that it therefore lacked the capacity to sue in this state. Although the motion justice granted the plaintiff corporation thirty days within which to seek reinstatement or issuance of the proper certificate, the plaintiff corporation failed to do so; final judgment was entered on April 27, 2011.[1]

On appeal, the plaintiff corporation argues that the motion justice erred in granting defendants' motion for summary judgment; it alleges that her decision in that regard was based upon an incorrect interpretation of § 7-1.2-1418. The plaintiff corporation additionally contends

---

[1] A dismissal for lack of capacity ordinarily does not constitute a final judgment on the merits, and therefore such a dismissal would not preclude a plaintiff from proceeding in a separate action. See Pilot's Point Marina, Inc. v. Cazzani Power Boat Manufacturing, Inc., 745 A.2d 782, 784 (R.I. 2000). In the instant case, however, the motion justice entered a final judgment in favor of defendants after granting summary judgment, thereby precluding Custom Metals from initiating a separate action.

that § 7-1.2-1418 imposes an unconstitutional burden on a foreign corporation in violation of the Commerce Clause of the United States Constitution.

Section 7-1.2-1418 reads in pertinent part:

> "(a) No foreign corporation transacting business in this state without a certificate of authority is permitted to maintain any action, suit, or proceeding in any court of this state, until the corporation has obtained a certificate of authority. Nor may any action, suit, or proceeding be maintained in any court of this state by any successor or assignee of the corporation on any right, claim, or demand arising out of the transaction of business by the corporation in this state, until a certificate of authority has been obtained by the corporation or by its successor.

> "(b) The failure of a foreign corporation to obtain a certificate of authority to transact business in this state does not impair the validity of any contract or act of the corporation, and does not prevent the corporation from defending any action, suit, or proceeding in any court of this state."

The plaintiff corporation urges this Court to vacate the motion justice's entry of final judgment; it contends that, at the time when the motion was granted, it was not a "foreign corporation transacting business in this state" and, for that reason, was not in violation of § 7-1.2-1418. The plaintiff corporation points to the explicit statutory provision that "[m]aintaining or defending any action or suit" is "not considered to be transacting business in this state." Section 7-1.2-1401(b)(1).[2] Relying upon that statutory provision, the plaintiff corporation

---

[2] General Laws 1956 § 7-1.2-1401(b)(1) reads as follows:

> "(b) Without excluding other activities which may not constitute transacting business in this state, a foreign corporation is not considered to be transacting business in this state, for the purposes of this chapter, because of carrying on in this state any one or more of the following activities:

> "(1) Maintaining or defending any action or suit or any administrative or arbitration proceeding, or effecting the

- 3 -

contends that, when summary judgment was granted, it was not "transacting business" within the state and therefore was not required to obtain a certificate from the Secretary of State pursuant to § 7-1.2-1418.  Although we have previously indicated that "that an out-of-state corporation that brings action against a Rhode Island defendant based upon a contract performed within this state must obtain a certificate of authority before proceeding to final judgment," the instant case had not yet proceeded to such a judgment.  See World-Wide Computer Resources, Inc. v. Arthur Kaufman Sales Co., 615 A.2d 122, 124 (R.I. 1992) (interpreting an identically worded predecessor to § 7-1.2-1418).  Accordingly, we hold that such a certificate was not required in the interim because Custom Metals had the appropriate certificate when it filed suit; however, a certificate must be obtained prior to proceeding to final judgment.

It is our view that the motion justice erred in disregarding the statutory language requiring that such a foreign corporation be "transacting business" within the state.  See § 7-1.2-1418.  In this case, Custom Metals represented to the motion justice (and it was not disputed) that it was no longer transacting business in the state; therefore, it was not required to hold a certificate of authority.

Accordingly, we are of the opinion that the motion justice erred in granting summary judgment in favor of the defendants.  In light of our determination that § 7-1.2-1418 did not apply to the plaintiff corporation when summary judgment was granted, we need not reach the plaintiff corporation's other contentions on appeal.

---

settlement of the suit or the settlement of claims or disputes."

**II**

**Conclusion**

For the reasons set forth in this opinion, we reverse the grant of summary judgment.  The record in this case may be remanded to the Superior Court.


**TITLE OF CASE:**     Custom Metals Systems, Ltd. v. Tocci Building Corp. et al.

**CASE NO:**     No. 2011-210-Appeal.
(PC 08-6734)

**COURT:**     Supreme Court

**DATE OPINION FILED:**     January 7, 2013

**JUSTICES:**     Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia JJ.

**WRITTEN BY:**     Associate Justice William P. Robinson III

**SOURCE OF APPEAL:**     Providence County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Sarah Taft-Carter

**ATTORNEYS ON APPEAL:**

For Plaintiff:  Steven A. Robinson, Esq.

For Defendant:  Thomas R. Gonnella, Esq.